# EXHIBIT A

UNITED STATES DISTRICT COURT
DISTRICT OF RHODE ISLAND

| | |
|---|---|
| NINTENDO OF AMERICA INC., <br><br> Plaintiff, <br><br> v. <br><br> TROPIC HAZE LLC, <br><br> Defendant. | NO. 24-CV-00082 |

**[PROPOSED] FINAL JUDGMENT AND PERMANENT INJUNCTION**

This matter came before the Court on the parties' Joint Motion for Entry of Final Judgment and Permanent Injunction. The Court makes the following findings of fact.

FINDINGS OF FACT:

1. Nintendo of America Inc. markets and distributes electronic video game consoles, games, and accessories developed by Nintendo Co., Ltd. (together, "Nintendo"), including the Nintendo Switch.

2. The Nintendo Switch and Nintendo Switch video games contain technological measures that effectively control access to copyrighted works and protect rights of copyright owners, including Nintendo (the "Technological Measures"). Nintendo owns valid copyrights in works protected by the Technological Measures, including its video games and the Nintendo Switch operating system.

3. Yuzu, a video game emulator, circumvents the Technological Measures and allows for the play of encrypted Nintendo Switch games on devices other than a Nintendo Switch. For example, Yuzu executes code that decrypts Nintendo Switch video games (including component files) immediately before and during runtime using unauthorized copies of Nintendo Switch cryptographic keys. Yuzu is primarily designed to circumvent and play Nintendo Switch games.

1

In the ordinary course of its operation with those games, Yuzu requires the Nintendo Switch's proprietary cryptographic keys to gain access to and play Nintendo Switch games.

4. Developing or distributing software, including Yuzu, that in its ordinary course functions only when cryptographic keys are integrated without authorization, violates the Digital Millennium Copyright Act's prohibition on trafficking in devices that circumvent effective technological measures, because the software is primarily designed for the purpose of circumventing technological measures. *Id.* § 1201(a)(2)(A).

NOW THEREFORE, IT IS HEREBY ORDERED that:

1. Plaintiff is awarded judgment against Defendant in the amount of US$2,400,000.

2. Each party shall bear its own costs and attorneys' fees.

In addition, pursuant to Sections 502 and 1203 of the Copyright Act (17 U.S.C. §§ 502, 1203), 28 U.S.C. § 1651(a), the All Writs Act, 28 U.S.C. § 1651, and this Court's inherent equitable powers, IT IS HEREBY ORDERED that:

1. A permanent injunction is entered against Defendant enjoining it and its members, agents, servants, employees, independent contractors, successors, assigns, and all those acting in privity or under its control from:

 a. Offering to the public, providing, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in Yuzu or any source code or features of Yuzu;

 b. Offering to the public, providing, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in other software or devices that circumvent Nintendo's technical protection measures, including without

limitation by using unauthorized copies of Nintendo's proprietary cryptographic keys to decrypt Nintendo's video games (or component files);

      c.      Directly or indirectly infringing, or causing, enabling, facilitating, encouraging, promoting, inducing, or participating in the infringement of, any of Nintendo's copyrights, trademarks, or other intellectual property, whether now in existence or hereafter created, including but not limited to the unauthorized reproduction, display, public performance, or distribution of any of Nintendo's copyrighted video games or operating systems, which includes the emulation of Nintendo's video games;

      d.      Committing any other violation of Nintendo's intellectual property rights, worldwide, whether now existing or hereafter created; and

      e.      Effecting assignments or transfers, forming new entities or associations, or using any other device for the purpose of circumventing or otherwise avoiding the prohibitions set forth in subparagraphs (a)-(c).

2.      The Court further enjoins all third parties acting in active concert and participation with Defendant from:

      a.      Offering to the public, providing, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in Yuzu or any source code or features of Yuzu; and

      b.      Offering to the public, providing, marketing, advertising, promoting, selling, testing, hosting, cloning, distributing, or otherwise trafficking in other software or devices that circumvent Nintendo's technical protection measures, including without limitation by using unauthorized copies of Nintendo's proprietary cryptographic keys to decrypt Nintendo's video games (or component files).

3. The Court further enjoins Defendant, its members, officers, agents, servants, employees, independent contractors, successors, assigns, and all third parties acting in active concert and participation with Defendant—including but not limited to any domain name registrars or registries holding or listing Defendant's Website—from supporting or facilitating access to any or all domain names, URLs, websites (including, without limitation, YUZU-EMU.ORG), including any successor websites, chatrooms, and other social media websites or apps through which Defendant or its members trafficked or continue to traffic in circumvention devices or software that circumvent Plaintiff's technological protection measures, through which Defendant or its members infringed or continue to infringe Plaintiff's rights under the Copyright Act, or which themselves infringe Plaintiff's rights under the DMCA or Copyright Act.

4. The Court further orders that Defendant and its members, officers, agents, servants, employees, independent contractors, successors, assigns, attorneys, and all third parties acting in active concert or participation with Defendant—including but not limited to any domain name registrars or registries holding or listing Defendant's Website:

    a. surrender, and permanently cease to use, the domain name YUZU-EMU.ORG, any variant or successor thereof controlled by Defendant or its members, and any other website or system that Defendant or its members owns or controls, directly or indirectly, that involves or harms Nintendo's Intellectual Property; and

    b. to the extent the domain is under Defendant or its members' custody or control, or under the control of registrars or registries with notice of this Order, immediately transfer the domain name YUZU-EMU.ORG, any variant or successor thereof controlled by Defendant or its members, and any other website or system that Defendant

4

or its members own or control, directly or indirectly, that involves Nintendo's Intellectual Property, to Plaintiff's control.

5. The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon Nintendo's election and to the extent controlled by Defendant or its members, the destruction by deletion of all circumvention devices, including all copies of Yuzu, all circumvention tools used for developing or using Yuzu—such as TegraRcmGUI, Hekate, Atmosphère, Lockpick_RCM, NDDumpTool, nxDumpFuse, and TegraExplorer, and all copies of Nintendo cryptographic keys including the prod.keys, and all other electronic material within Defendant or its members' custody, possession, or control that violate Nintendo's rights under the DMCA or infringe copyrights owned or exclusively licensed by Nintendo.

6. The Court further orders, pursuant to 17 U.S.C. §§ 503 & 1203, upon Nintendo's election and to the extent controlled by Defendant or its members, the handing over to Nintendo of all physical circumvention devices that circumvent or attempt to circumvent the Technological Measures, and of modified Nintendo hardware, including modified Nintendo Switch consoles.

7. With the exception of paragraphs 5 and 6 herein, the Court further enjoins Defendant and its members from destroying, transferring, altering, moving, returning, concealing, or in any manner hiding evidence relevant to the matters set forth herein—including any and all video game consoles, video games (or constituent elements thereof, such as video game files), ROMs, and video game emulators (and any digital files comprising the same) that infringe Nintendo's intellectual property rights, and/or which were used in connection with developing or using Yuzu—unless authorized by Nintendo in writing. Defendant and its members are also enjoined from allowing evidence to be destroyed, altered, or concealed by third parties if the evidence is under Defendant or its members' possession, custody, or control.

8.      This permanent injunction constitutes a binding court order, and any violations of this order by Defendant or its members will subject them to the full scope of this Court's contempt authority, including punitive, coercive, and monetary sanctions.

9.      This permanent injunction is binding against Defendant and its members worldwide, without regard to the territorial scope of the specific intellectual property rights asserted in the Complaint of the above-captioned case, and may be enforced in any court of competent jurisdiction wherever Defendant, its members, its assets, or its members' assets may be found.

10.     This Court shall maintain continuing jurisdiction over this action for the purpose of enforcing this Final Judgment and Permanent Injunction.  Plaintiff is not required to post any bond or security in connection with the Final Judgment and Permanent Injunction, and Defendant has permanently, irrevocably, and fully waived any right to request a bond or security.

IT IS FURTHER ORDERED that Judgment be entered in this matter in accordance with the terms set forth above, and that the clerk be, and hereby is, directed to close this matter.

**IT IS SO ORDERED**.

_____
Hon. John J. McConnell, Chief Judge
United States District Court, District of Rhode Island